Clark v. Kirwan.

## GARRET D. CLARK *v.* JOHN KIRWAN.

Where a defendant, being examined by the plaintiff, in an action for obstructing the highway with building materials, testified explicitly, that the materials had been delivered *to him*, and that they were put by the person from whom he purchased them, in the very place where he, the defendant, directed the vendor to place them; evidence that by the contract of purchase, the vendor was to deliver them at another place, was held irrelevant and immaterial.

Although an obstruction is wrongfully placed in the highway, yet one who sees, or could, by ordinary care and prudence, observe and avoid it, cannot recover for an injury sustained by him on encountering such obstruction, where he voluntarily or through the want of such care drives against it, or places himself in needless peril.

But passers in the night season or at dark cannot be deemed to have the same means of discovering and avoiding the danger as daylight would afford.

Where the defendant is grossly in fault in creating or leaving the obstruction, he should, if he would protect himself on the ground of negligence in the plaintiff, render the proof of such negligence full and clear.

THIS was an appeal by the defendant from a judgment for $329 50, rendered in the Marine Court, in favor of the plaintiff. The nature of the action, the facts disclosed at the trial, and the grounds of the appeal, appear distinctly in the opinion.

*John Wallis* and *George Bradshaw*, for the defendant.

*Anthony R. Dyett*, for the plaintiff.

By THE COURT. WOODRUFF, J.—The appellant urges the reversal of the judgment for the plaintiff herein upon two grounds: first, that the court improperly rejected evidence offered by the defendant; and, secondly, that the finding of the court below, upon the questions of fact, was unsupported by the evidence.

The action is brought by the plaintiff upon allegations that the defendant, by himself or his servants, obstructed the public highway by heaping sand and gravel in front of houses upon which the defendant was employed as plasterer, and that the plaintiff's wagon was thereby overturned while he was attempting to pass; he himself was thrown out, his wagon broken, his horse frightened, and so injured in consequence that he died. The question, how far into the street the obstructions extended, and whether the sand, &c., belonged to the defendant, and whether it was placed where it lay by the defendant's direction, were the subjects of testimony.

1. The defendant offered to prove that the sand, &c., were purchased by him from one O'Donnell, and that, by the contract, O'Donnell was bound to deliver the sand within ten feet of the curb-stone; and for this purpose offered to prove the contract. This evidence the court below rejected.

It is claimed by the appellant that the evidence, if received, would have tended to show, that the placing the gravel or sand where it in fact lay, was O'Donnell's fault, and that the defendant was not in possession thereof, and, therefore, not responsible for the obstruction.

The answer to this view of the subject is this: The defendant was himself under examination, and he had positively sworn that O'Donnell had delivered the sand to him; that he was to pay O'Donnell; that he told O'Donnell where to put it, and that O'Donnell put it there; that he (defendant) was on the ground all the time himself, and that all the

sand was delivered to him by O'Donnell; that he told O'Donnell "where to deliver it," and showed his men "where to deliver it."

This is the defendant's explicit statement; and if it be true—and surely the defendant is not to be permitted to assume, on this appeal, that it is not so—then the terms of his contract with O'Donnell are wholly immaterial and irrelevant; for if the contract required O'Donnell to deliver the sand, even within the enclosures, it would avail nothing to the defendant here. It would only show that the defendant, after the contract was made, selected another place than the one specified in the contract, and directed O'Donnell and his men to deliver the sand to him in such other place.

I think the proof of the terms of the contract was wholly immaterial. The defendant did receive the sand where it lay, and his men used it there.

2. Upon the question of liability, under all the facts proved, the case was not altogether free from doubt. The proof that the defendant was in fault for obstructing the street was abundant, and showed a plain case of the abuse of that indulgence which may properly be extended, and is constantly granted to those who are engaged in erecting buildings in the city. That in a street one hundred feet wide, and having a carriage-way from 60 to 80 feet, the person so engaged upon one side of the street should accumulate his materials and extend them so far across as to leave it doubtful whether two carriages have room to pass, is so obvious an outrage, so great a violation of common and public rights, that the obstruction might have been the subject of indictment as a nuisance. The public authorities and any person entitled to use the street might have abated the nuisance by removing the obstructions. And it needs no argument or authority to add, that any person injured in consequence of the nuisance, without fault or negligence on his part, might recover damages therefor.

But it is, nevertheless, true, that a man may not voluntarily drive over obstructions thus created, and charge the

offending party with the consequences of his own rashness or folly. Not only so; I fully agree with the view taken by the counsel for the appellant, and said by him to have been held by the Court of Appeals in the recent case of *Griffin* v. *The Mayor*, April, 1854, which I have not been able to see, that notwithstanding the fault of the obstructing party, one who negligently exposes himself or his property to injury cannot recover damages in such a case. A man should use ordinary care and prudence to protect himself and his property from injury, although others are negligent or unmindful of their duty. Otherwise he must abide the result of their concurring fault or neglect.

The question upon which the right to recover damages depends—there being no claim of willful trespass—is not which was the most to blame, nor which suffered most, but has either suffered damage from the fault of the other, without having contributed thereto by his own fault, or want of ordinary care and prudence?

It is upon this view of the subject that the case presented below was one of much doubt; and I incline to think, that if I were to pass upon it as upon an original question submitted to me upon written testimony, such as is contained in the return, I should find that the plaintiff only suffered the consequences of his own folly in attempting to drive a spirited horse through a narrow passage, where there was not room for two vehicles to pass at a time, at the same moment that a heavy stage was passing through in the opposite direction. There was evidence that a witness saw the occurrence from a stage at a considerable distance below; saw the plaintiff's wagon turn over; saw the horse run, and saw where he ran. And had this happened in the day time, the conclusion would, I think, be inevitable that the plaintiff saw, or might have seen, the obstructions in the way of passing; saw, or might have seen, the stage passing through before he entered. That, therefore, if there was not room for both, he should have waited till the stage emerged from the passage; or if there was room for both, he was overturned by his own want of

skill, or negligence in driving. And in such case, in either alternative, the plaintiff could not recover, because his own fault contributed to the injury.

But such a rule as this, when the fault of the defendant is very clearly established, is to be applied with just caution. If the defendant—shown to be himself grossly in the wrong —would protect himself by alleging that the plaintiff is also in fault, he may properly be required to make the proof quite satisfactory, and we would not, on appeal, disturb the finding of the court below in the plaintiff's favor, unless such finding be against proofs that we can say, as matter of law, are conclusive, or are so clear as to warrant the belief that such finding is the result of bias, partiality, or some very obvious mistake.

In the present case the proof was uncontradicted, that no lights were put up by the defendant to give notice of the obstruction to passers by. Two witnesses testify that it was at or about dark that the accident occurred. One says, it "was after sundown and towards dusk, on the edge of the evening —not quite dark—I could see the horse upset; it was dark or dusk-like. I could just see the accident and that was all." On the other hand, he adds, that he should think it "about dark—it was after sunset"—but he saw the stage about a block off, and could see the sand bank passing by there; and also that "the plaintiff could see the sand bank, and the stage coming down as he passed in."

Another witness says, "I think it was about dark; I think the stars were out. It was after tea. It was after sunset— it was dark."

It is true that there was some evidence that the plaintiff, who lived in the neighborhood, was frequently near the place; but the proof also showed that there were daily changes in the situation of the obstructions. It is hardly necessary to add, that negligence cannot be imputed to one who ignorantly encounters obstructions in the night season, although the same party might be chargeable with foolhardiness if he exposed himself to danger therefrom by daylight.

As already remarked, the evidence is not very satisfactory; it may have been so light that the plaintiff saw, or might have seen perfectly the difficulties in his path, and either voluntarily or negligently took the hazard, but upon the evidence above referred to, we cannot say that a finding by the court below to the contrary is against any conclusive proof or greatly preponderating evidence. I think we are concluded, under the circumstances, by that finding.

In regard to the cause of the horse's death, it must suffice to say, that there was some evidence that the accident produced it, and no evidence was given to the contrary.

In regard to an alleged contradiction in the evidence of the witness, who says that the wagon turned over to the right, when the sand bank was on the right of the wagon, it is not upon such matters of contradiction that we are at liberty to reverse a finding of fact in the court below. Indeed, the narrative, as given, does not appear to me improbable or contradictory at all. I understand him to say, that in the moment of emergency, the plaintiff, to avoid the stage, undertook to turn to the right; upon making such turn, in a sudden and unexpected exigency, the precise movements of a horse encountering a sand bank could not well be foreseen nor controlled, and the result was, that the horse turned quite around to the right, bringing the left hand wheels upon the bank, overturning the wagon to the right, and then actually running back to 35th street, through which the horse had come.

My conclusion is, that the judgment must be affirmed.

Judgment affirmed, with costs.